IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KANONIE HALL, | ) | CASE NO. 1:12 CV 2193 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

Before me by referral[1] is the *pro se* complaint of plaintiff, Kanonie Hall, seeking judicial review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income.[2] The Commissioner has filed an answer[3] and the transcript of the administrative proceedings.[4] Pursuant to my initial order,[5] the plaintiff has filed his fact sheet.[6] In response to the

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge Dan Aaron Polster in a non-document entry dated August 28, 2012.

[2] ECF # 1.

[3] ECF # 9.

[4] ECF # 10.

[5] ECF # 5.

[6] ECF # 12 (unsigned).

procedural order,[7] the parties have briefed their positions[8] and filed their charts.[9] In addition, Hall has filed two motions to "expedite payment"[10] to which the Commissioner has not responded.

Because the brief and supporting material clearly identify the issues and facts required for resolution, no oral argument was conducted. For the reasons that follow, I will recommend finding that the decision of the Commissioner is supported by substantial evidence and should be affirmed. If that recommendation is adopted, I further recommend that Hall's motions to expedite payment be denied.

## Facts

**A.  Background facts**

Hall, who was 36 at the time of the alleged onset date, previously worked as a self-employed carpenter.[11] He applied for disability insurance benefits and supplemental security income in 2010, claiming that he had been disabled due to "trauma caused by being

---

[7] ECF # 11.

[8] ECF # 13 (Hall's brief); ECF # 14 (Commissioner's brief).

[9] ECF # 14, Attachment (Commissioner's charts).

[10] ECF ## 15, 16.

[11] Transcript ("Tr.") at 137-38.

tasered and incarcerated."[12] After a lengthy colloquy with the Administrative Law Judge (ALJ) concerning Hall's right to be represented by counsel, Hall elected to proceed *pro se*.[13]

The medical records show that Hall had a history of chronic PCP use going back to 2001.[14] The working diagnosis of his primary care physician was that Hall had PTSD caused by being tasered in prison and that the PCP use "resulted in grandiosity and bizarre thoughts and behaviors."[15] The consultative psychologist, however, found that Hall was "preoccupied" with his tasering and that he showed no other PTSD symptoms.[16] Reviewing physicians found that when sober Hall's behavior "is stable and normal."[17]

**B.  Decision of the ALJ**

The ALJ, whose decision became the final decision of the Commissioner, found that Hall had severe impairments consisting of psychotic disorder not otherwise specified, substance abuse, and lumbosacral sprain.[18] Further, the ALJ stated:

> If the claimant stopped the substance use, the remaining limitations would cause more than a minimal impact on the claimant's ability to perform basic work activities; therefore, the claimant would continue to have a severe

---

[12] ECF # 14 at 2 (quoting transcript).

[13] *Id.* at 2-3 (quoting transcript).

[14] Tr. at 135.

[15] *Id.* at 136.

[16] *Id.*

[17] *Id.* at 137.

[18] *Id.* at 132.

impairment or combination of impairments. His severe impairments without substance abuse are: history of psychotic disorder not otherwise specified and lumbosacral sprain.[19]

The ALJ made the following finding regarding Hall's residual functional capacity:

If the claimant stopped the substance abuse, the claimant would have the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except:

- He can occasionally climb ladders, ropes, or scaffolds;
- He can occasionally crawl;
- He can perform tasks involving infrequent changes in routine, in a predictable setting without fast-paced production demands and involving superficial interpersonal interactions.[20]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally for unskilled medium work that Hall could perform.[21] Because "the substance abuse disorder is a contributing factor" to Hall's disability such that he "would not be disabled if he stopped the substance abuse," the ALJ found Hall not under a disability.[22]

---

[19] *Id.* at 133.

[20] *Id.* at 134.

[21] *Id.* at 138-39.

[22] *Id.* at 139.

**C.	Issues on judicial review**

In a two-page hand-written brief, Hall generally reasserts his claim that his disability request only arises "after negligence and abuse after years of being let down by the system."[23] He states that he is supplying the record from his arrest for a probation violation so that this Court can read the documents for itself to determine if he has been lying.[24] He further states that he has no "more energy to make anyone do what is right," and that "me and my daughter's life are so screwed up now that you cannot do anything else to harm us."[25]

His two motions "to expedite payment" of his benefits contend that the evidence of any drug use is "inconsequential" when measured against "the trauma, pain and hardships me and my family have had to endure."[26] The drugs, he contends further, are just a "scapegoat" for the denial of his benefits.[27]

The Commissioner points out that the ALJ found that Hall met the listing for substance addition.[28] However, because Hall was inconsistent and/or not credible in his accounts of the tasering and of drug use, misrepresenting the extent of both, and because Hall required no mental health treatment while he was incarcerated and not using PCP, the ALJ

---

[23] ECF # 13 at 1.

[24] *Id.*

[25] *Id.* at 2.

[26] *See*, ECF # 16 at 1.

[27] *Id.*

[28] Tr. at 132-33.

found that if Hall stopped the substance abuse he would not meet the listing.[29] Moreover, opinions of two consultative examining sources were that Hall had no other signs that would suggest a history of PTSD and that Hall had normal findings as to strength, range of motion, and grasp and manipulation.[30]

## Analysis

### A.     Standard of review – substantial evidence

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[31]

---

[29] *Id.* at 134.

[30] *Id.* at 572 (Dr. Konieczny), 586 (Dr. Gerblich).

[31] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[32] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[33]

I will review the findings of the ALJ at issue here consistent with that deferential standard. The relevant evidence from the administrative record will be discussed in detail as part of the following analysis.

**B.     Application of standard – the decision of the Commissioner is supported by substantial evidence and should be affirmed.**

In proceedings where a claimant is unrepresented by counsel, the ALJ may have a special responsibility to investigate the facts and develop the arguments both for and against the granting of benefits.

In this case, the ALJ adequately discharged his duty of developing the record. As noted earlier, the ALJ conducted a colloquy with Hall to advise him of his rights to be represented, and to assure him that if at any time during the hearing Hall felt he was "in over [his] head, let me know," so that he could then be given the opportunity to "get a representative."[34] Further, Hall has not pointed to any records or opinions that were

---

[32] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[33] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[34] ECF # 14 at 3 (quoting transcript).

potentially available to the ALJ but were not considered. Finally, while the approximately one-half hour hearing contained in 27 pages[35] was not especially long, the vast majority of the time was spent probing Hall about his claim and circumstances.[36]

As to the central issue of whether Hall would be disabled without the existence of drug abuse, I note first that Hall himself, as stated earlier, maintains that his drug abuse is "inconsequential"[37] to his disability claim. The ALJ, for his part, took note that Hall had no residual mental problems requiring medical attention during the enforced sobriety of his incarceration.[38] He further observed that there was a direct correlation between Hall's recorded dysfunctional behavior and his periods of PCP abuse.[39] As the ALJ finally noted, the contrast between Hall's "hostile attitude" when dealing with the state agency physicians, all occurring when he was abusing drugs, and his attitude at the hearing, when he was not, clearly demonstrate "the effects of his drug use on his functioning."[40]

In addition, as to any underlying impairments existing outside of the substance abuse, I point to the examination of consultative psychologist Joseph Konieczny, Ph.D., which the ALJ noted found Hall's preoccupation with the trauma "had a delusional tone about it," and

---

[35] *See*, Tr. at 10-37.

[36] *Id.* at 4-21.

[37] ECF # 16 at 1.

[38] Tr. at 133.

[39] *Id.*

[40] *Id.*

that there was, in fact, no impairment in Hall's ability to concentrate or attend to tasks.[41] In addition, the report from Adi Gerblich, M.D., also a consultative examining source, found that Hall's neurological examination was normal and that he had only a slightly reduced range of motion in his back.[42] The finding that Hall does not have physical impairments beyond those described in the RFC was further corroborated for the ALJ by the opinion of the state reviewing physician.[43] Similarly, the ALJ found that the state reviewing psychologist confirmed Dr. Konieczny's opinion that Hall's mental condition, absent his substance abuse, was "stable and normal."[44]

Thus, after properly developing the record here consistent with the duty owed to a *pro se* claimant, the ALJ's decision that Hall was not disabled when he stopped his substance abuse is supported by substantial evidence and so should be affirmed. In that regard, if this recommendation is adopted, I further recommend that the two pending motions to expedite payment of a benefit be denied.

---

[41] *Id.* at 136.

[42] *Id.*

[43] *Id.* at 137.

[44] *Id.*

## Conclusion

Substantial evidence supports the finding of the Commissioner that Hall had no disability. Accordingly, I recommend that the decision of the Commissioner denying Hall disability insurance benefits and supplemental security income be affirmed.

Dated: July 2, 2013    s/ William H. Baughman, Jr.
United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[45]

---

[45] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).